## Case No. 8,200.

### LEE v. RAMSAY.

[1 Cranch. C. C. 435.] [1]

Circuit Court, District of Columbia. July Term, 1807. [2]

SLAVERY — PAROL GIFT OF SLAVE — LEGACY OF SLAVE—ASSENT OF EXECUTOR—DEED WITHOUT POSSESSION.

1. A parol gift of a slave in Virginia in 1784, was void under the statute of 1758, although possession accompanied and followed the gift, and it was not made valid by the act of 1787.

2. A legacy of a slave, gives no title till assented to by the executor.

3. A deed of gift of a slave in 1790, was void, unless possession accompanied and followed the deed.

Detinue for negro Frederick. W. Wilson made a deed of trust of this negro to Mr. E. J. Lee, to secure Mr. Kennedy. And as

1 [Reported by Hon. William Cranch, Chief Judge.]
2 [Affirmed in 4 Cranch (8 U. S.) 401.]

part of the plaintiff's title, Mr. Lee read in evidence a deed from Mrs. Ramsay to W. Wilson, purporting to be in consideration of five shillings.

Mr. Youngs, for defendant [Patrick Ramsay], offered to prove that the deed was a deed of gift, and that no money or valuable consideration was paid; and so nothing passed, as the deed was not proved and recorded according to act of assembly of 30th November, 1785, § 2, p. 16.

THE COURT (FITZHUGH, Circuit Judge, contra) permitted the testimony to be given, reserving themselves to give an instruction to the jury thereupon, when the relevancy of the question to the case should be made to appear in the course of the trial:

When THE COURT instructed the jury that it was immaterial in this case whether the consideration was valuable or not, the defendant not being a creditor or subsequent purchaser.

C. Lee, for plaintiff, contended that five years' possession of a slave by Wilson gave him a good title against all the world. So in ejectment twenty years possession is a good title. If the possession of the slave has been so long, that the remedy to recover him by law is gone, the title is good. Law Va. 17th December, 1792, §§ 47–49.

C. Lee also contended, that the parol gift of the slave by Mrs. Gordon to the defendant in 1784, was void under the act of 1758, and to show that such a decision was had in the courts of Virginia, he cited the act of 1787, c. 22, the preamble of which recites such an adjudication; and he also contended that the act of 1787 was not retrospective, and cited Turner v. Turner, 1 Wash. [Va.] 139.

Mr. Taylor, contra, contended, that the act of assembly, 1787, is retrospective; that after the passing of that act, the courts were bound to construe the act of 1758 so that a parol gift made in 1784 should be good, if possession accompanied the gift, unless the rights of creditors, or subsequent purchasers were affected.

But THE COURT (DUCKETT. Circuit Judge, contra) decided, that a parol gift in 1784 was void under the statute of 1758, although possession accompanied and followed the gift, and that the act of 1784 was not retrospective.

THE COURT decided (nem. con.) that a legacy of a slave gives no title, unless the executor had assented before action brought; that a deed of gift of a slave in 1790, was void between the parties under the act of 1758, and the act of 1787, unless possession accompanied and followed the deed; and five years' possession of the slave by W. Wilson, did not support the plaintiff's title, although the plaintiff is to be considered as a purchaser without notice and for a valuable consideration.

Motion for a new trial, by Mr. Youngs, for the defendant, on the ground of miscon-

struction by the court, of the law of 1758, in having instructed the jury that a parol gift of a slave was absolutely void under that law, although possession accompanied the gift.

But THE COURT, after the argument (DUCKETT, Circuit Judge, absent), refused a new trial. and said that although there might have been originally some doubt whether the act of 1787, was not intended to be retrospective, yet the case of Turner v. Turner, 1 Wash. [Va.] 139, was conclusive.

Bills of exceptions were taken, but the judgment was affirmed by the supreme court of the United States, February, 1806. 4 Cranch [8 U. S.] 401.

[NOTE. Mr. Chief Justice Marshall, in delivering the opinion of the supreme court, said: "The opinion of the court is that a parol gift to the defendant, accompanied by possession, did not bar the plaintiff's right to recover. The court gives no opinion as to the title acquired by the possession." 4 Cranch (8 U. S.) 4.]